**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THOMAS BOWDREN

Plaintiff,

v.

ABBOTT BAMBOO, INC. t/a and d/b/a PRESTIGE WINDOW FASHIONS and JOSE M. COLLAZO

Defendants.

Civ. No. 07-cv-3622 (DRD)

**O P I N I O N**

*Appearances by:*

LAW OFFICES
BERNARD M. GROSS, P.C.
by: Michael N. Borish, Esq.
100 Penn Square East
Suite 450, John Wanamaker Building
Philadelphia, PA 19107

*Attorneys for Plaintiff,*

PURCELL, MULCAHY, O'NEILL & HAWKINS, LLC
by: Thomas M. Mulcahy, Esq.
One Pluckemin Way
P.O. Box 754
Bedminster, NJ 07921

*Attorneys for Defendants.*

**DEBEVOISE, Senior District Judge**

This matter arises out of an automobile accident that occurred on October 19, 2006. The case proceeded to trial, after which the jury returned a verdict of $55,300 in favor of Plaintiff Thomas Bowdren. On July 5, 2011, after the disposition of all post-trial motions, Mr. Bowdren filed Motion for Taxation of Costs against Defendants Jose M. Collazo and Abbott Bamboo, Inc. t/a and d/b/a/ Prestige Window Fashions ("Abbott Bamboo") in the amount of $3,767.50. For the reasons set forth below, Mr. Bowdren's motion is granted, however, the limited nature of his recovery in this case merits a reduction of costs from $3,767.50 to $1,000.

## I. BACKGROUND

On the morning of October 19, 2006, Mr. Bowdren was struck by a van driven by Mr. Collazo, in the intersection of New Brunswick Avenue and Convery Boulevard, in Perth Amboy, New Jersey, during the course of his duties as an employee with Abbott Bamboo. On August 2, 2007, Mr. Bowdren filed a Complaint against Defendants, alleging negligence and seeking in excess of $150,000 in damages.

The case proceeded to trial, which was held from February 15, 2011 to February 23, 2011, and after which the jury entered a verdict against Defendants for $55,300. Judgment was entered on this verdict on March 31, 2011. On April 27, 2011, Mr. Bowdren filed a Motion to Vacate the Jury Verdict and Enforce Settlement and a Motion to Alter or Amend the Judgment on the Jury Verdict to Add Prejudgment Interest in the amount of 11,115.30. On June 6, 2011, the Court denied the former motion but granted the latter.

## II. DISCUSSION

Plaintiff now moves for Taxation of Costs pursuant to Local Civil Rule 54.1 in the amount of $3,767.50. In reaching this amount, Plaintiff calculates $500.00 in Fees of the Clerk, $2,390.00 in transcript fees, $100 for witnesses, and $777.50 in fees for exemplification and

copying. Defendants oppose the motion and argue that the costs sought by Mr. Bowdren should be significantly reduced or denied because (1) he unnecessarily extended litigation by rejecting Defendants' settlement offers for an amount far in excess of what he eventually recovered; and (2) the amount recovered by Mr. Bowdren at trial does not even meet the threshold amount in controversy for diversity jurisdiction in federal court. In the alternative, Defendants seek to reduce or deny costs for (1) copies of Mr. Bowdren's exhibits because he fails to explain how those copies were used in litigation other than for his own convenience and the alleged cost of twenty-five cents per page is excessive; (2) blow-ups of Mr. Bowdren's exhibits because he fails itemize those exhibits and establish that they were admitted into evidence; and (3) Plaintiff's counsel's pro hac vice fee because Mr. Bowdren has not shown that he was unable to hire counsel in New Jersey.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless "a court order provides otherwise." Thus, "[b]y its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) (citation omitted). Should a court, deny or reduce costs, however, it must specify its reason for doing so. Id. at 591-92 (citation omitted).

In denying or reducing costs, courts may look to a number of factors, including: (1) the economic disparity between the parties, id.; (2) the "nominal" or partial nature of the prevailing party's recovery, see Richmond v. Southwire Co., 980 F.2d 518, 520 (8th Cir.1992); Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778, 783 (10th Cir.1990); Pearlman v. Zell, 185 F.3d 850, 859 (7th Cir. 1999) ("[A] litigant who wins less than 10% of his initial demand

either is not a prevailing party for purposes of fee-shifting statutes or should be treated *as if* he had not prevailed." (citations omitted)); and (3) the good faith of the losing party, see Teague v. Bakker, 35 F.3d 978, 997 (4th Cir. 1994); White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir.1986).

Furthermore, in cases premised on diversity jurisdiction, "where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff." 28 U.S.C. § 1332(b). As the Pearlman court explained, "if the outcome shows that the case did not belong in federal court, then costs may be denied or shifted." 185 F.3d at 859; see also Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc., No. 98-5104, 1999 WL 164955, at *3 (10th Cir. Mar. 24, 1999) ("[T]he legislative history of §1332(b) demonstrates an intent to deter plaintiffs from filing cases in federal court when the amount in controversy is, or is likely to be, less than the jurisdictional amount." (citation omitted)). However, 1332(b) "does not preclude an award of costs if the district court determines that a plaintiff was acting in good faith when it invoked diversity jurisdiction, in spite of a limited recovery." Jordan F. Miller Corp., 1999 WL 164955, at *3.

In this case, after finding 30% comparative negligence against Mr. Bowdren, the jury returned a net verdict of only $55,300 in his favor. While this amount is far below his initial demand in excess of $1,000,000, the Court finds that Mr. Bowdren initially invoked its jurisdiction in good faith. Leading right up to trial, the parties actively engaged in discussions where Defendants offered $250,000 to settle the case. Thus, the Court will not deny costs

altogether to Mr. Bowdren. However, in light of the very limited nature of his recovery, his costs merit reduction from $3,767.50 to $1,000.

## III. CONCLUSION

For the foregoing reasons, Mr. Bowdren's Motion for Taxation of Costs is GRANTED. However, his costs will be reduced from $3,767.50 to $1,000.

The Court will enter an order implementing this opinion.

**__/s/ Dickinson R. Debevoise___ ________**
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: October 17, 2011